FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 19 2010 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

GUSTAVO CHAJET,

                    Plaintiff,

-against

MIDLAND FUNDING, LLC and
MIDLAND CREDIT MANAGEMENT, INC.

                  Defendants.

-----------------------------------------------------------X

**COMPLAINT**
**AND DEMAND**
**FOR JURY TRIAL**

Civil Action No.

**CV10-5372**

**IRIZARRY, J.**     **LEVY, M.J.**

Plaintiff Gustavo Chajet ("Plaintiff"), as and for his complaint, alleges as follows:

## INTRODUCTION

1.    This is an action for money damages and by an individual consumer for Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (hereinafter the "FDCPA") and New York General Business Law § 349, by the Defendants and their agents in their illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

2.    Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331 in that this dispute involves predominant issues of federal law.  Defendants have violated the provisions of the FDCPA.

3.    Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

6.      The defendants regularly do business within this district, and have engaged in a persistent course of conduct within this district. Defendants have also derived substantial revenue from services rendered in this judicial district and state.

7.      The defendants expected or should have reasonably expected the acts alleged in this complaint would have consequences in this judicial district and state. Defendants derive substantial revenue from interstate commerce.

8.      Defendants have otherwise sufficiently conducted business and/or purposefully availed themselves of the privileges and benefits of this judicial district and state.

9.      Defendants caused transactions and occurrences alleged in this complaint to take place in this judicial district and state.

**PARTIES**

10.     Plaintiff Gustavo Chajet is a natural person who resided at all relevant times in Richmond County, New York.

11.     Gustavo Chajet is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

12.     Defendant Midland Credit Management, Inc. ("Midland Credit") is a business entity regularly engaged in the business of collecting debts in the state of New York with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

13.     The principal purpose of Midland Credit is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and Midland Credit regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14.     Midland Credit is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15.     Defendant Midland Funding, LLC ("Midland Funding") is a business entity regularly engaged in the collection of debts in the state of New York.

16.     Defendant Midland Funding's principal place of business located at 8875 Aero Drive, Suite 200 San Diego, California 92123.

17.     The principal purpose of Midland Funding is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and Midland Funding regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

18.     Midland Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19.     The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### FACTUAL ALLEGATIONS

20.     At all times material to this complaint, Defendants sought to collect monies under an alleged consumer credit account (hereinafter "the alleged debt").

21.     Plaintiff first learned of the alleged debt on or about March 27, 2009 when he received a letter with the letterhead "Encore Receivable Management Inc." (**Exhibit 1**).  The letter identified the current creditor as Midland Credit Management, Inc. and the original creditor as Midland Funding LLC, an impossibility because Midland Funding LLC does not issue consumer credit.  The account number alleged in the letter was XXXXXXXXXXXXXXXXX-5913.  The alleged balance due was $4,951.85.

22.     The Plaintiff did not recognize the original creditor, the account number, or the amount, so on or about April 12, 2009, he sent a letter to Encore Receivable Management, Inc. requesting

3

validation of the debt.  A true and correct copy of Mr. Gustavo's letter is attached hereto as **Exhibit 2**.

23.      Mr. Gustavo simultaneously disputed this debt with the credit reporting agencies.

24.      An Equifax reinvestigation report dated May 22, 2009, sent to Plaintiff (**Exhibit 3**) reflects that the disputed tradeline at issue – that apparently relates to the alleged debt – came back verified. The report states "additional information has been provided from the "original source." However, the "original source" was never identified while prior communications erroneously identified Midland Funding, LLC as the original creditor.

25.      Defendants never provided a verification in response to Plaintiff's April 12, 2009 dispute letter.

26.      By letter dated August 9, 2009, Defendants sent Plaintiff another dunning communication (**Exhibit 4**).  This letter now bore the letterhead "MCM" (Midland Credit Management), rather than Encore Receivable Management, Inc.  The letter identified the "original creditor" as HSBC Bank Nevada, N.A.  It further stated that Midland Funding, LLC had purchased the account, and that Midland Credit Management was the new servicer.  The alleged credit card account number in this letter was 853052-5913.  The alleged balance due was $4,951.85.

27.      The Plaintiff still did not recognize the original creditor, the account number, or the amount, so by letter dated August 29, 2009, he sent another dispute letter to Midland Credit requesting validation of the debt. A true and correct copy of this letter is attached as **Exhibit 5**.

28.      Midland Credit did not provide due verification. Midland Credit provided no response whatsoever.

29.      By letter dated October 9, 2009, Midland Credit sent Plaintiff yet another dunning communication. (**Exhibit 6**).  In this letter, the alleged original creditor was still HSBC, the

4

account number of the alleged debt ended in 5913, but the alleged amount due had risen to $5,109.10.

30.     The Plaintiff then sent Defendants another written dispute letter, this time by certified mail, return receipt requested, dated October 21, 2009, demanding validation of the debt. A true and correct copy of this letter with return receipt is attached as **Exhibit 7**.

31.     By letter dated November 17, 2009 (**Exhibit 8**) Midland Credit finally responded.  Rather than providing the due verification required under FDCPA § 1692g, Midland Credit deceptively avoided its legal obligation. The letter attempts to shift the burden of production on Plaintiff stating, "the purpose of this letter is to request your assistance so that we may reach a quick solution to your dispute."  The letter asks for "a copy of any documentation…that supports your dispute."  While this letter represented that Midland Credit had commenced an "investigation" no such investigation had occurred as demonstrated by Defendants' follow-up dunning communications before verification.

32.     Two days later, by letter dated November 19, 2009 (**Exhibit 9**), Midland Credit again flagrantly violated its verification obligations. This dun followed merely two days following its acknowledgment of Plaintiff's written dispute.

33.     By letter dated November 30, 2009 (**Exhibit 10**), Plaintiff replied to Midland Credit's letter of November 17, 2009. Plaintiff correctly pointed out that Midland Credit violated his rights for attempting to shift the burden to him and for continuing collection efforts before providing verification.

34.     The letters sent by Defendants (**Exs. 1, 4, 6, 8 and 9**) were "communications" as that term is defined by 15 U.S.C. § 1692a(2) and as used in the FDCPA.

5

35.     Midland Credit has continued to send dunning letters to the Plaintiff.  To date, Defendants have not supplied the statutorily required verification of the debt.

## FIRST CLAIM FOR RELIEF
(Violation of the FDCPA)

36.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

37.     Defendants repeatedly violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a)     Defendants violated 15 U.S.C. § 1692g(b) for repeating collection efforts after it received written disputes of the alleged debt and before it had been verified.

(b)     Defendants violated 15 U.S.C. § 1692g(b) by repeating collection efforts after receiving Plaintiff's numerous dispute letters. Defendants obscured, confused and contradicted Plaintiff's verification rights.

(c)     The Defendants violated 15 U.S.C. § 1692g(b) for repeating collection efforts after receiving Plaintiff's numerous dispute letters. Defendants "overshadowed" Plaintiff's verification rights.

(d)     Defendants violated 15 U.S.C. § 1692g(b) for responding with its November 17, 2009 letter (**Exhibit 8**) that not only fails to provide verification, but unlawfully attempts to shift the burden to Plaintiff to supply documentation of the debt that is in dispute.

(e)     Defendants violated 15 U.S.C. §§ 1692g, 1692e, and 1692e(10), with its deceptive and misleading representations in its November 17, 2009 letter (**Exhibit 8**). The letter provides incomplete information; it constitutes an impermissible collection effort after the debt was disputed in writing; it falsely implies that an "investigation" was being undertaken when in fact no such investigation was had or intended; it falsely implies that verification would be forthcoming when in fact no such verification was had or intended.

6

(f)     Defendants violated 15 U.S.C. § 1692e(2)(A) by repeating collection efforts on a debt they knew to be disputed, and therefore misrepresented the character of the debt.

(g)     Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the debt. Defendants' repeated collection efforts following Plaintiff's written dispute letters gave the false impression that the rising amounts sought had been verified as correct and were no longer in dispute.

(h)     Defendants violated 15 U.S.C. §§1692e, and 1692e(10) by using deceptive means to collect or attempt to collect a debt and to obtain information from Mr. Gustavo. Defendants' letter dated November 17, 2009 letter (**Exhibit 8**) would lead the least sophisticated consumer to believe that Defendants were in the process of investigating and verifying the alleged debt in response to Plaintiff's requests.  This letter further attempted to secure verification by deceptively acquiring it from the consumer rather than the alleged originating creditor and other reliable sources.

(i) Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by using deceptive means to attempt collection through its dunning letters dated November 17, 2009, and November 19, 2009 (**Exhibits 8 and 9**), which would lead the least sophisticated consumer to believe that Defendants had determined that the alleged debt was verified and no longer in dispute.

38.     Section 1692(g) is a strict liability provision.  Any violation, regardless of intention, subjects Defendants to civil liability.

39.     As a result of these violations of the FDCPA, Plaintiff has suffered pecuniary and non-pecuniary harm.

40.     Mr. Gustavo suffered actual damages, which include but are not limited to, sleep deprivation, stomach pains, stress, anxiety, nervousness, headaches, fear, stomach pains, strain to his marriage, worry, fright, shock, embarrassment, humiliation, and intimidation.

41.     As a result of the above violations, Mr. Gustavo is entitled actual damages, statutory damages of up to $1,000, attorney's fees, and costs.

## SECOND CLAIM FOR RELIEF
### (Violation of NYGBL § 349)

42.     The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

43.     NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service in this state.

44.     The conduct complained of occurred during, and in furtherance of, Defendant's for-profit business enterprise of pursuing consumers for alleged defaulted debt obligations.

45.     At all times material to this complaint, Defendants' deceptive acts and practices that gave rise to the claims herein occurred while Defendants conducted their business of collecting consumer debts.

46.     Defendants' acts and practices have been directed entirely at consumers. Defendants' acts and practices have broad impact on the New York consuming public.

47.     Defendants' collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the cost of each case, thus enhancing profitability.

48.     Defendant's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of federally guaranteed rights. These acts contribute to an increasing number of personal

bankruptcies, lead to marital instability, job loss, which are all significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

49.     Defendants' deceptive acts and practices violate NYGBL in the following ways without limitation: a) obscuring, overshadowing, contradicting, ignoring, and confusing Plaintiff's right for verification and doing it in such a repeated and willful nature to imply that Plaintiff had no such right; b) attempting to shift the burden of verification to Plaintiff; c) attempting to conceal its burden of verification; d) providing incomplete and contradictory information to Plaintiff; e) repeatedly continuing collection efforts in violation of federal law; f) falsely implying that an "investigation" was being conducted and that verification would be forthcoming; and g) misrepresenting the character of the debt after it was disputed; and h) knowingly and repeatedly violating the FDCPA.

50.     As a result of these violations, Mr. Gustavo suffered actual damages, which include but are not limited to, sleep deprivation, stomach pains, anxiety, severe stress, strain to his marriage, nervousness, headaches, fear, worry, fright, shock, embarrassment, humiliation, and intimidation.

51.     As a result of these violations of NYGBL § 349, Plaintiff is entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the court grant the following relief:

a. On the FIRST CLAIM FOR RELIEF, a declaratory judgment that Defendants violated the FDCPA, actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

    b. On the SECOND CLAIM FOR RELIEF (NYGBL § 349), actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h); and for

    c. Such other and further relief as law or equity may provide.

Dated: New York, New York
       November 18, 2010

Jesse Langel (jl 7079)
The Langel Firm
225 Broadway, Suite 700
New York, NY 10007
Tel: (646) 290-5600
Fax: (646) 964-6682
jesse@thelangellaw.com

10



ADDRESS SERVICE REQUESTED

BANNET
Account 12890007586
GUSTAVO CHAJET
2 BRIDGE CT
STATEN ISLAND NY    10305-3770

**Encore**
receivable management inc
*Telephone:* 800-901-4461
400 N. Rogers Rd. ♦ PO Box 3330 ♦ Olathe, KS 66063-3330

**Current Creditor: MIDLAND CREDIT MANAGEMENT INC**
Original Creditor    Midland Funding LLc
For Account Ending in    XXXXXXXXXXXXXXXX5913
Encore Account Number    12890067
Placement Date    03-26-09
Balance    $4951.85

**ENCORE RECEIVABLE MANAGEMENT INC**
PO Box 3330
Olathe, KS 66063-3330

---

**Past Due Balance**

*** Detach Upper Portion and Return With Payment ***

Current Creditor:    **MIDLAND CREDIT MANAGEMENT INC**
Original Creditor    Midland Funding LLC
For Account Ending in    XXXXXXXXXXXXXXXX5913
Encore Account Number    12890067
Placement Date    03-26-09
Balance    $4951.85

Dear GUSTAVO CHAJET,

The above referenced account has been referred to our office for collection of the balance in full. Previous attempts have been made by our client to resolve this debt voluntarily. As of this date, those attempts have not been successful.

Encore Receivable Management, Inc. has been authorized by our client to provide the necessary effort to collect this debt. We recommend that you take advantage of this opportunity to pay the balance in full to prevent further collection activity.

Please detach the upper portion of this notice and return with your payment in the enclosed envelope.

Note: If payment of the balance has already been made, please notify this office at 800-901-4461 to avoid further communications.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

You can now pay by automated phone system or over the Internet!
Pay by phone at 877-2PAYBILL or on the Web at www.paymybill.com
Enter 1914415    as your User ID-Access Code.
Enter 12890067    as your Password.

ENCORE RECEIVABLE MANAGEMENT, INC. ♦ PO Box 3330 ♦ Olathe, KS 66063-3330 ♦ 400 N. Rogers Rd ♦ Somewhere

April 12, 2009

Gustavo Chajet
62 Bridge ct
Staten Island
NY 10305

Encore Receivable Management
P.O.Box 3330
Olathe,KS
66063-3330

For account ending in:xxxxxxxxxxxxxxxx5913
Encore account # 12890067
Placement date 3/26/09
Original creditor: Midland credit management inc.
Balance $ 4,951.85

Official dispute and debt validation request

Dear debt collector:

       This letter is sent to you in response to a letter I received from you dated  March 27,2009 ( see copy ).Pursuant to my rights under federal debt collections laws, I'm requesting that you provide validation of this alleged debt. I request that your office provides me with evidence that I owe this debt and that I have a legal obligation to pay you!!
Finally, if you do not own this debt, I also request that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute regarding this alleged debt!!

Sincerely

Gustavo Chajet

**Exhibit 3**

# EQUIFAX

**CREDIT FILE : May 22, 2009**
**Confirmation # 9141027812**

Dear Gustavo Chajet:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

You may contact Equifax regarding the specific information contain in this letter within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 800-7316 from 9:00am to 5:00pm Monday–Friday in your time zone. If you want to request a free copy of the Equifax credit file you can call our toll free number at (877) 576-5766.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

### Credit Account Information
*(For your security, the last 4 digits of account number(s) have been replaced by ')*
*(This section includes open and closed accounts reported by credit grantors)*

| Account History | |
|---|---|
| 1 - 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| Status Code | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| Descriptions | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

>>> *We have researched the credit account. Account # - 853052*. *The results are:* Equifax verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: *Midland Credit Management, 8875 Aero Dr Ste 200, San Diego  CA  92123-2255*

**Midland Credit Management      8875 Aero Dr Ste 200  San Diego CA 92123-2255**

| Account Number 853052* | | | | | | | | | | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|
| Items As of Date Reported | Balance Amount | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | | Activity Description | | |
| 05/2009 | $4,951 | 03/2009 | $4,932 | $0 | | | | | | |
| | Amount Past Due | Date of Last Paymnt | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| | $4,951 | $0 | $0 | $0 | 08/2008 | 05/2009 | $0 | $0 | $0 | | |

Current Status - Collection Account. Type of Account - Open. Type of Loan - Debt Buyer Account. Whose Account - Individual Account. ADDITIONAL INFORMATION - Consumer Disputes This Account Information. Collection Account.

( Continued On Next Page )

9141027812PAFF/000/00072   321   3894   S

Gustavo Chajet
0007069872-321
62 Bridge Ct
Staten Island, NY 10305-3770

P O Box 105518
Atlanta, GA 30348

**Exhibit 4**

**ncm**

Dept. 12421
PO Box 603
Oaks. PA 19456

**40% Discount Offer**

08-09-2009

#BWNHLTH
#0000 0853 0525 9138#
GUSTAVO CHAJET
62 BRIDGE CT
STATEN ISLAND, NY 10305-3770

18078  648

| MCM Account Number |
| --- |
| 8530525913 |
| **Original Creditor** |
| HSBC BANK NEVADA,N.A. |
| **CURRENT BALANCE** |
| $4,951.85 |
| **PAYMENT DUE DATE** |
| 09-23-2009 |



Dear GUSTAVO CHAJET,

Midland Funding LLC has purchased your HSBC BANK NEVADA,N.A. account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the new servicer of this obligation.

We are offering you THREE payment options.  All will save you money.  All will make it easier to resolve this account.

| PLAN 1: Settle in Full |
| --- |
| Discount: **40% off** |
| Payment Amount: **$2,971.11** |
| Save: **$1,980.74!** |

| PLAN 2: Monthly Payments |
| --- |
| Discount: **25% off** |
| Monthly Payment Amount: **$618.98** |
| # of months: 6 |

| PLAN 3: Monthly Payments |
| --- |
| Discount: **10% off** |
| Monthly Payment Amount: **$371.38** |
| # of months: 12 |

Simply mail the Payment Coupon below along with your payment in the envelope provided. Please mail your payment by 09-16-2009 to be sure it reaches us by the due date of this offer, 09-23-2009.

If you aren't able to take advantage of these offers, please call an Account Manager at (800) 825-8131.  We may have other options to help you resolve this account

Sincerely,

Cody Owens, Division Manager
**(800) 825-8131**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

*Please tear off and return lower portion with payment in the envelope provided*

August 29, 2009

Gustavo Chajet
62 Bridge ct
Staten Island
NY 10305

MCM
Dept 12421
P.O. BOX 603
Oaks,PA 19456

MCM account # 8530525913
Original creditor: HSBC bank Nevada N.A.
Current balance: $ 4,951.85

Official dispute and debt validation request

Dear debt collector:

       This letter is sent to you in response to a letter I received from you dated 08/09/2009 ( see copy ).Pursuant to my rights under federal debt collections laws, I'm requesting that you provide validation of this alleged debt. I request that your office provides me with evidence that I owe this debt and that I have a legal obligation to pay you!!
Finally, if you do not own this debt, I also request that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute regarding this alleged debt!!

Sincerely

Gustavo Chajet



**mcm**
Dept 12421
PO Box 603
Oaks, PA 19456

| | Account Number |
|---|---|
| | **8530525913** |
| **Original Creditor** | |
| **HSBC BANK NEVADA, N.A.** | |
| **CURRENT BALANCE** | |
| **$5,109.10** | |

10-09-2009

#BWNHLTH
#0000 0853 0525 9138#
GUSTAVO CHAJET
62 BRIDGE CT
STATEN ISLAND, NY 10305-3770

3944  2535

Hours of Operation:
M-Th 6am - 7pm; Fri 6am - 5pm;
Sat 6am - Noon PST

## Choose The Option That Works For You.

Dear GUSTAVO,

Midland Credit Management, Inc., understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid HSBC BANK NEVADA, N.A. account. Select one of the three options below and get closer to having one less thing to worry about.

**Option 1: 40% OFF** | You Pay Only
Payment Due Date: 11-08-2009 | **$3,065.46**

**Option 2: 20% OFF** | 12 Monthly Payments of Only
First Payment Due Date: 11-08-2009 | **$340.60**

**Option 3: Monthly Payments As Low As:** | **$50 per month[1]**
  Call today to discuss your options and get more details.

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

Cody Owens, Division Manager
(800) 282-2644

**Pay your bill online and view additional offers-
log on to www.mcmpayments.com today!**

### Benefits of Paying!

♦ **We will stop applying interest to your account!**

♦ **Your credit report will be updated with the payments made!\***

♦ Once you make your agreed-upon payments to settle your account, your credit report will be updated as 'Paid in Full'!\*

### CALL US TODAY!
### (800) 282-2644

\* Your credit report will not be updated if the federal reporting period has expired.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

*Please tear off and return lower portion with payment in the envelope provided*

October 21, 2009

Gustavo Chajet
62 bridge ct
Staten Island, NY
10305

Midland Credit Management
8875 Aero Drive,suite 200
San Diego, CA
92123

Dear Collection Manager
Re: account 853052xxxx

This is to inform you that I've recently pulled my credit report and notice that there's a
collection from your agency on my credit report. I have never been notified in writing of
this collection.However,this letter does not imply that I refuse to pay this alleged
debt.Rather I would like to dispute your claim.(see copy from credit report)
As per FDCPA, I have the right to request a validation of this alleged debt. I request you
to prove that I am indeed the party who is by contract obligated to pay off this alleged
debt.
I hope you are aware of the fact that reporting any invalidated information to mayor
credit bureaus is a violation of the FDCPA, and is likely to put your company in serious
legal trouble with the FTC and other state/federal agencies.

At this time I will also inform you that if your offices have reported invalidated
information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this
action might constitute fraud under both Federal and State Laws. Due to this fact, if any
negative mark is found on any of my credit reports by your company or the company that
you represent I will not hesitate in bringing legal action against you for the following:

- Violation of the Fair Credit Reporting Act
- Violation of the Fair Debt Collection Practices Act
- Defamation of Character

If your offices are able to provide the proper documentation as requested in the following
Declaration, I will require at least 30 days to investigate this information and during such
time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered
detrimental to any of my credit reports, I will consult with my legal counsel for suit. This
includes any listing any information to a credit reporting repository that could be

inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records; any information obtained shall be used for that purpose.

Best Regards


Gustavo Chajet


MIDLAND CREDIT MANAGEMENT

8875 Aero Dr Ste 200
San Diego, CA-921232255


| Account Number: | 853052XXXX | Current Status: | COLLECTION ACCOUNT |
| Account Owner: | Individual Account. | High Credit: | $4,932 |
| Type of Account : | Open | Credit Limit: | $0 |
| Term Duration: | | Terms Frequency: | |
| Date Opened: | 2009/03 | Balance: | $5,092 |
| Date Reported: | 09/2009 | Amount Past Due: | $5,092 |
| Date of Last Payment: | | Actual Payment Amount: | $0 |
| Scheduled Payment Amount: | $0 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | 05/2009 | Months Reviewed: | 4 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | $0 | Deferred Payment Start Date: | |
| Balloon Payment Amount: | $0 | Balloon Payment Date: | |
| | | | Factoring |



**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

**SENDER: COMPLETE THIS SECTION**

**COMPLETE THIS SECTION ON DELIVERY**

**1cm** Dept. 12421
PO Box 603
Oaks, PA 19456

11-17-2009

#BWNHLTH                                                    2344-334
#0000 0853 0525 9138#
GUSTAVO CHAJET
62 BRIDGE CT
STATEN ISLAND, NY 10305-3770

| | |
|---|---|
| Contact Information: | Tel (800) 825-8131 |
| Hours of Operation: | M-Th 6am - 7pm; Fri-Sat 6am - 5pm PST |
| Original Creditor: | HSBC BANK NEVADA, N.A. |
| Original Account No.: | 5458000012333148 |
| MCM Account No.: | 8530525913 |
| Current Balance: | $5,143.12 |

Dear GUSTAVO CHAJET,

The purpose of this letter is to request your assistance so that we may reach a quick resolution to your dispute.

As part of our investigation of your dispute, it would be helpful to have a copy of any documentation you may have that supports your dispute. In the interim, we have requested that the three major consumer credit reporting agencies change the status of this account to "Disputed."*

Please mail or fax cancelled checks, paid letters, police reports, or any other documentation you may have to support your claim to: **(800) 306-4443** Attention: Consumer Relations.

We can be reached at **(800) 825-8131** ext. **32980**, should you have any further questions.

Please understand this communication is from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose.

Sincerely,

Consumer Relations
**(800) 825-8131 Ext 32980**

*Your credit report will not be updated if the federal reporting period has expired.

New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728.

QCPP



**mcm** Dept. 12421
PO Box 603
Oaks, PA 19456

| MCM Account Number |
|---|
| 8530525913 |
| **Original Creditor** |
| HSBC BANK NEVADA,N.A. |
| **CURRENT BALANCE** |
| $5,143.12 |

ST-CLA:
PRESOI
US POS
PAII
PSC

11-19-2009

3944 · 3944

#BWNHLTH
#0000 0853 0525 9138#
GUSTAVO CHAJET
62 BRIDGE CT
STATEN ISLAND, NY 10305-3770

Hours of Operation:
M-Th 6am - 7pm; Fri 6am - 5pm;
Sat 6am - Noon PST

## Choose The Option That Works For You.

Dear GUSTAVO,

Midland Credit Management, Inc., understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid HSBC BANK NEVADA,N.A. account. Select one of the three options below and get closer to having one less thing to worry about.



**Benefits of Paying!**

We will stop applying interest to your account!

Your credit report will be updated with the payments made!*

Once you make your agreed upon payments on all of your account, your credit report will be updated as 'Paid in full'!

**CALL US TODAY!**
**(800) 282-2644**

| Option 1: 40% OFF | |
| Payment Due Date 12-19-2009 | You Pay Only **$3,085.87** |

| Option 2: 20% OFF | |
| First Payment Due Date 12-19-2009 | 12 Monthly Payments of Only **$342.87** |

| Option 3: Monthly Payments As Low As: | |
| Call today to discuss your options and get more details. | **$50 per month**† |

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

Cody Owens, Division Manager
(800) 282-2644

**Pay your bill online and view additional offers-
log on to www.mcmpayments.com today!**

\* Your credit report will not be updated if the federal reporting period has expired.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

*Please tear off and return lower portion with payment in the envelope provided*

Exhibit 10

November 30,2009

Gustavo Chajet
62 Bridge ct
Staten Island
NY 10305

MCM
Dept 12421
P.O. BOX 603
Oaks,PA  19456

Original account# 5458000012333148
MCM account # 8530525913
Original creditor: HSBC bank Nevada N.A.
Current balance: $ 5,143.12

Failure to validate

Dear debt collector:

       This letter is sent to you in response to a letter I received from you
dated 11/17/09 ( see copy ) where you are requesting documentation from me to validate
an alleged debt.I would like to remind you that the burden of proof is on you!!.I have
requested before from you to validate a debt on a letter dated  8/29/2009 (see copy) and
also you reported this debt to the credits bureaus.You have not validated this debt and
continue to report to the credit bureaus even after reciving a certified return receipt letter
dated 10/21/2009 and signed as received on 10/27/09  by Midland Credit
managament(see copy of credit report and form ps form 3811 geen card and letter dated
10/21/2009)).Also I would like to make clear to you under FDCPA 809b,you are not
allowed to pursue collection activity until the debt is validated.

Gustavo Chajet